

FILED

Apr 30 2026, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Paul R. Solt, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

---

April 30, 2026

Court of Appeals Case No.
25A-CR-2484

Appeal from the
Brown Circuit Court

The Honorable
Mary Wertz, Judge

Trial Court Cause No.
07C01-2304-F5-115

**Opinion by Senior Judge Robb**
Judges Kenworthy and Felix concur.

**Robb, Senior Judge.**

## Statement of the Case

Paul R. Solt, Jr. appeals his conviction of Level 5 felony child solicitation. He argues that the State presented insufficient evidence to sustain his conviction and disprove his defense of entrapment. Concluding that the evidence is sufficient, we affirm.

## Facts and Procedural History

In early 2023, Captain Brian Shrader, a detective with the Brown County Sheriff's Department, received training from a nonprofit group on how to conduct child solicitation sting operations. Specifically, he learned how to organize operations to arrest adults who used websites and text messaging to connect with children, or with persons the adults believed to be children, for sex.

Captain Shrader planned a sting operation to be held in Brown County on three days in April 2023. A team consisting of police officers and volunteers from the nonprofit group was assigned to various roles in the operation. The team planned to post fake profiles on apps and websites that sex workers commonly used to advertise to potential customers. A profile would include a phone

number, and potential customers who sent a text message to that number would reach an account that was operated by a team member. The team member would then pretend to be a child and chat with the potential customer. If the customer was interested in meeting in person for sex, he would be directed to a hotel room that was rented and secured by police officers, where the arrest would occur.

[4] Captain Shrader, another Brown County police officer, and George Lieber, who was both a contract employee for the nonprofit group and a police officer in Michigan, performed text messaging duties for the team on three separate phones. On April 11, 2023, the first day of the operation, Lieber posted a fake profile on a particular website that connected sex workers with customers. That website requires posters to be at least nineteen years of age. Lieber's profile described a nineteen-year-old female available for in-person meetings in Nashville, Indiana. The fake profile included a list of sex acts the poster was willing to perform in exchange for cash. The profile also included several fake photographs and a phone number. Lieber periodically reposted his fake profile on the same website so that the profile would continue to be prominently displayed on the website's homepage.

[5] Captain Shrader and the other officer set up false profiles on other websites or apps. Over the course of the three-day operation, the three men collectively received text messages from around one hundred people per day. Around "ninety-five plus percent" of the people stopped messaging when the men claimed to be persons under sixteen years of age. Tr. Vol. II, p. 130.

[6]     Just before noon on April 12, Solt sent a text message to the phone number listed on the fake profile that Lieber had created. Solt asked the purported sex worker to describe her rates and availability. Lieber, impersonating the worker, stated rates for various sex acts and said that night would work. Early in the conversation, the following exchange occurred:

> Lieber: You into younger girls?
>
> Solt: Absolutely . . . I'm definitely a dirty old man lol [sic]
>
> Lieber: Cool I'm 15, don't want no trouble though [. . .] I like dirty old men!
>
> Solt: 15 is a bit too young tho [sic], wrong side of the jailbait line[.]  : (
>
> Lieber: Ok up to you[.]
>
> Solt: How soon til [sic] you're legal?
>
> Lieber: Not soon enough apparently[.]

Tr. Ex. Vol., pp. 14-15. An hour later, Solt messaged Lieber to compliment the photos on the fake profile, and they resumed the chat. Later, the following conversation occurred:

> Lieber: U gonna come see me?
>
> Solt: Still worried about potential trouble . . . wish you were at least 16[.]
>
> Lieber: Sorry[.] Wish I was but I'm not[.]

*Id.* at 16-17.

[7]     Several hours later, Solt said he would drive to Nashville to meet the purported fifteen-year-old. Lieber restated the price for sex, and Solt did not object. Upon arriving in town, he asked where to go. Lieber told him to go to the Brown County Inn. The officers had set up their operation there, using one of the rooms to arrest suspects. Solt said he was driving a gray Nissan. The officers and volunteers on the team had noticed that a gray Nissan had been parked in the Brown County Inn's parking lot for over an hour. Lieber texted Solt the room number. Solt entered the room and was arrested. Detective Shrader searched the Nissan and found Solt's driver's license, which listed a birth year of 1970.

[8]     Officers took Solt to the police station, where a deputy interviewed him. Solt admitted that he had responded to an ad for an escort on a website. He also admitted that the person he had text messaged with had claimed to be fifteen. Solt claimed that he had never before sought out sex with someone who was underage, but Lieber demonstrated "eagerness and persistence" that overcame his judgment. State's Ex. 19, at 7:36. When the deputy asked Solt to admit that he believed that he was arranging to have sex with a fifteen-year-old girl, Solt responded that he "can't deny" that fact. *Id*. at 8:46. He also admitted that he "made the mistake" of attempting to meet a fifteen-year-old. *Id*. at 12:32.

[9]     The State charged Solt with Level 5 felony child solicitation. Solt waived his right to trial by jury, and the court presided over a bench trial. Solt raised a defense of entrapment, claiming the police "coerc[ed] and persua[ded]" him to

go to the hotel room. Tr. Vol. II, p. 150. The trial court determined Solt was guilty as charged and imposed a sentence. This appeal followed.

## Discussion and Decision

[10] Solt argues that the State failed to present sufficient evidence to sustain his Level 5 felony conviction or, in the alternative, to disprove his defense of entrapment. When a defendant challenges the sufficiency of the evidence to sustain a conviction or disprove a defense of entrapment, "[w]e neither reweigh the evidence nor reassess the credibility of witnesses." *Griesemer v. State*, 26 N.E.3d 606, 608 (Ind. 2015). "Instead, we look to the probative evidence supporting the verdict and the reasonable inferences drawn from that evidence." *Id.* "We will affirm a conviction only when each material element of the charge is supported by evidence in the record from which a rational trier of fact could have found guilt beyond a reasonable doubt." *Neville v. State*, 802 N.E.2d 516, 518 (Ind. Ct. App. 2004), *trans. denied*.

### I. Child Solicitation

[11] To obtain a conviction of Level 5 felony child solicitation as charged, the State was required to prove beyond a reasonable doubt that Solt (1) a person at least twenty-one years of age (2) knowingly or intentionally (3) solicited (4) an individual believed to be at least fourteen years of age but less than sixteen years of age (5) to engage in sexual intercourse, other sexual conduct, or any fondling or touching intended to arouse or satisfy the sexual desires of the older person. Ind. Code § 35-42-4-6(c) (2014); Appellant's App. Vol. 2, p. 89.

Solt argues that the evidence failed to show that he believed he was soliciting a fifteen-year-old. He directs us to evidence that the website Lieber used to post the fake profile explicitly said the person was nineteen. He also notes that the website is restricted to adult users and requires age verification. We reject Solt's argument. His text messages to Lieber, along with his admissions during his interview at the police station, demonstrate beyond a reasonable doubt that he believed he was arranging to meet a fifteen-year-old for a paid sexual encounter. *See Van Auken v. State*, 233 N.E.3d 1042, 1051-52 (Ind. Ct. App. 2024) (rejecting defendant's challenge to sufficiency of evidence for convictions of child solicitation and other offenses; child had claimed to be nineteen in social media post, but subsequent interactions demonstrated defendant knew child was underage), *trans. denied*. Solt's argument is, in essence, a request that we reweigh the evidence, which our standard of review forbids.

## II. Entrapment

The General Assembly has defined the defense of entrapment, as follows:

> (a) It is a defense that:
>
> (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
>
> (2) the person was not predisposed to commit the offense.
>
> (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

Ind. Code § 35-41-3-9 (1977).

[14] When a defendant raises an entrapment defense, the State must bear the burden of disproving one of the statutory elements beyond a reasonable doubt. *Griesemer*, 26 N.E.3d at 609. Thus, the State must show "either (1) there was no police inducement, or (2) the defendant was predisposed to commit the crime." *Id.* Regarding inducement, the State must show officers' efforts did not produce the defendant's criminal conduct. *Id.*

[15] Here, the State provided sufficient evidence to rebut the element of police inducement. When Lieber, pretending to be a female sex worker, told Solt he was fifteen, Solt expressed concerns about "jailbait[.]" Tr. Ex. Vol., p. 14. Lieber then texted that whether they would meet was up to Solt. Lieber's use of that phrase was a deliberate choice because he did not want "to try and talk them into anything. It's his choice." Tr. Vol. II, p. 131. The text conversation stopped until Solt resumed texting over an hour later. Later in the conversation, Lieber asked Solt if he was going to move forward with a meeting, but he did not exert any pressure on Solt to make that choice. And at the police station, Solt admitted that he "made the mistake" of attempting to meet a fifteen-year-old for sex. State's Ex. 19, at 12:32. This evidence is sufficient to demonstrate that the officers did not persuade Solt to commit his offense; they merely afforded him an opportunity. *See Mobley v. State*, 27 N.E.3d 1191, 1197 (Ind. Ct. App. 2015) (State disproved entrapment defense in prosecution for patronizing a prostitute; undercover officer did not give defendant a directive or exert persuasive force to commit offense but merely provided opportunity).

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Kenworthy, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana